LEWIS H. LAMBERT ET AL. v. WILLIAMS & RUSSELL.

No. 45.

1. **Assignment of Error—Charge Given.**—An assignment of error upon a charge given should in some manner indicate the reason why the complaining party urge that error was committed in giving the charge.

2. **Same — Charge Refused.**—Where the refusing of a charge is assigned as error, the assignment should state that the charge refused was applicable to a stated phase of the case, unless it be such as applies to all cases, and not embraced in the general charge.

3. **Mechanic's Lien.**—The mechanic's and material man's liens do not attach to other premises separate and distinct from those upon which the improvements or repairs are made. See example.

4. **Necessity for Motion for New Trial.**— In absence of a motion for new trial in the lower court, an error apparent in the record against the party so failing can not be urged by another party. Manifest injustice, however, should be corrected in the new trial allowed upon the reversal of the case on appeal upon other grounds.

Appeal from Bexar.    Tried below before Hon. Geo. H. Noonan.

*Henry E. Vernor*, for Wm. Cameron & Co.; *L. N. Walthall*, for Tom Harrison; and *Thos. Haynes*, for L. H. Lambert, appellants.—The filing of an account for labor and material used in the construction of a building within the time required by law will not of itself fix any lien.    Each article in the account must have been used or furnished to be used in that particular construction, and must be a valid and subsisting debt at the time of filing the account; and if not, then no lien attaches for that part of such account, for labor and material not so used or furnished to be used are not a valid and subsisting debt.    Jones on Liens, sec. 1508; Phil. on Mech. Liens, secs. 295, 296.

*Upson & Bergstrom*, for appellees.—A suit may be maintained on a note secured by lien without enforcement of lien, and after judgment another suit can be brought to foreclose the lien at any time before the debt is barred by limitation.    Cannon v. McDaniel, 46 Texas, 303; McAlpin v. Burnett, 19 Texas, 500; Ball v. Hill, 48 Texas, 634; 2 Jones on Mort., sec. 936.

KEY, Associate Justice.—Appellees, Williams & Russell, as plaintiffs, brought this suit against L. H. Lambert, Tom Harrison, and William Coit as defendants, to recover $611.49 on open account against Lambert, and to foreclose a mechanic's lien on a certain house and lot in the city of San Antonio as against all the defendants.    Wm. Cameron & Co. filed a plea of intervention, claiming the house and lot as their own, alleging that they acquired title thereto through defendants Lambert and Harrison, and asking to have their title quieted, and in the alternative for a decree establishing a lien in their favor for a debt owing from Lambert and Harrison to them.

The case was tried before a jury, and plaintiffs recovered judgment for the full amount sued for and decree establishing and foreclosing a lien on the house and lot; and intervenors recovered judgment for $900 and decree establishing and foreclosing a lien on the same property.    Neither lien was accorded priority, and the judgment directs, that if the property should not sell for sufficient to pay both debts, that the proceeds be prorated between plaintiffs and intervenors, Cameron & Co.

Cameron & Co. filed a motion for a new trial, which was overruled, and they have appealed.    Lambert and Harrison filed no motion for a new trial, but gave notice of appeal, filed appeal bonds, and filed joint assignments of error with Cameron & Co.

The second assignment of error reads thus:  " The court erred in giving charge number 2 as requested by plaintiffs."    There are several other

assignments of error, no more specific than the one just quoted.     These assignments are too general to require consideration.

An assignment of error, to be sufficient, must distinctly specify the grounds of error relied on.   A number of objections may be urged to the action of the court in giving a particular charge.   It may enunciate a radically unsound principle of law; or it may be abstractly correct, but inapplicable to the facts of the particular case; or it may be upon the weight of testimony.   Hence an assignment of error thereon should in some manner, however briefly, indicate the reason why the complaining party charges that error was committed in giving a charge.

The reason for the rule may not apply with as much force when it is sought to predicate error upon the refusal to give a certain charge asked.   But even then it may reasonably be expected, if not required, that in addition to charging that there was error in refusing to give the instruction asked, the assignment will state that it was applicable to a stated phase of the case, unless it be such a charge as applies alike to all cases, and that it was not embraced in the main charge.   Rev. Stats., art. 1037; Sup. Ct. rule 24; Robertson v. Coates, 1 Texas Civ. App., 664.

There was no reversible error in permitting appellee R. H. Russell to state, as a witness, the amount for which he had sold certain lots acquired by the firm of Williams & Russell under an execution sale on their former judgment against Lambert.   If the defendants or intervenors in the court below could have shown a satisfaction of the former judgment against Lambert, the plaintiffs would not, perhaps, have been entitled to recover as much as they sued for.   But in so far as the lots about which Russell testified could have had any bearing upon that question, the net proceeds of their sale by the sheriff, in the absence of fraud on the part of the plaintiffs, would have been the amount to have been credited on the former judgment, and not the real value of the lots.   So, as the matter appears in the record, the testimony complained of was wholly immaterial, and not calculated to prejudice the rights of appellants.

Appellees recovered judgment establishing their debt against Lambert for the full amount sued for, and fixing a lien upon the house and lot involved for the payment of the same.   According to the uncontradicted testimony of appellee R. H. Russell, a portion of the account sued on, and for which the judgment establishes a lien against the property, was for painting a fence where Lambert then resided, which was upon another street, and no part of the premises involved.   That mechanics' and material men's liens do not attach to other premises separate and distinct from those upon which the improvement or repairs are made, is a rule of law too well settled to require any citation of authorities to support it.

It follows, therefore, that appellees were not entitled to have a lien established against the property in controversy for the entire amount of

the debt sued upon; and as Cameron & Co. have a lien on the same property, they can complain of this error, though Lambert, as he filed no motion for a new trial, can not.

As the record shows that Cameron & Co. are subrogated to whatever rights Harrison ever had in the property in question, we have not considered the case with reference to his rights, further than as they affect the rights of Cameron & Co.

In reference to the question of two judgments being rendered against Lambert for the same debt, if such be the case, which does not appear as a distinct fact found by the jury, as the former judgment does not fix a lien against the property involved in this case, no one but Lambert could complain; and as he failed to file a motion for a new trial, the application of correct rules of practice would, perhaps, preclude him also from complaint on that score.

However, in our opinion, a court ought not to render two independent judgments against a party for the same debt. If any part of the debt sued for in this action is embraced in the judgment in the other case, the amount thereof can be ascertained, and a judgment rendered that will supersede the former judgment and afford adequate protection to all parties. To obtain the requisite data for this purpose, it may become necessary to submit the case to the jury on special issues.

The judgment of the District Court will be reversed and cause remanded.

*Reversed and remanded.*

Delivered February 1, 1893.